IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC STEPHON BARROW, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-4939 |
| | : | |
| EQUIFAX, INC., *et al.*, | : | |
|     Defendants. | : | |

<u>MEMORANDUM</u>

**SLOMSKY, J.**                                                                     **JANUARY 27, 2023**

      Plaintiff Eric Stephon Barrow, proceeding *pro se*, brings this action pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq*. Currently before the Court are Barrow's Complaint (ECF No. 2) and his Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1). Because it appears that Barrow is unable to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*. For the following reasons, Barrow's Complaint will be dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and he will be granted leave to file an amended complaint.

**I.     FACTUAL ALLEGATIONS**[1]

      While the allegations of the Complaint are brief, Barrow clearly contends that Defendants Equifax, Inc. and Prentice-Hall Corporation System ("PHC") violated their obligations under the Fair Credit Reporting Act. (Compl. at 2-3.) Barrow alleges that for "well over two years[,]" he has sent "Countless Disputes" to PHC about items that PHC is "Fraudulently Reporting" on him. (*Id.* at 4.) He also alleges that he has "continually" requested that Equifax remove these

---

[1] The allegations set forth in this Memorandum are taken from Barrow's Complaint. The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

fraudulent items from his credit report "to no avail." (*Id.*) According to the Complaint, PHC fraudulently reporting these items to Equifax, a credit bureau, has: (1) caused Barrow a tremendous amount of emotional and financial stress; (2) prevented Barrow from moving from his current residence; (3) caused Barrow to lose jobs due to the harassment from collection companies; and (4) prevented Barrow from getting "ext[e]nded credit from anyone." (*Id.*) Barrow notes that his "life is in [s]hambles" as he is not able to provide for his children and now suffers from depression and anxiety. (*Id.* at 5.) Barrow seeks $60,000 in monetary compensation, the deletion of all negative items from his credit report, and the removal of all false addresses from his credit report. (*Id.*)

## II. STANDARD OF REVIEW

The Court will grant Barrow leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Barrow is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8

F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'" *Vogt*, 8 F.4th at 185 (quoting *Mala*, 704 F. 3d at 244). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* An unrepresented litigant, however, "'cannot flout procedural rules — they must abide by the same rules that apply to all other litigants.'" *Id.*

### III. DISCUSSION

Barrow raises claims pursuant to the FCRA, which was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the "FCRA is intended 'to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner.'" (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))). In the language of the FCRA, consumer reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).

Consumer reporting agencies are required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). To state a claim under § 1681e(b) against a consumer reporting agency, a plaintiff must plead the following elements: (1) inaccurate information was included in a credit report; (2) the inaccuracy was due to the consumer reporting agency's failure to follow

reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered an injury; and (4) that injury was caused by the inclusion of the inaccurate entry. *Cortez*, 617 F.3d at 708 (citing *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996)).[2]

To state a plausible claim under the FCRA against a furnisher of credit information, as opposed to the consumer reporting agency itself, a plaintiff must allege that he "filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of information failed to investigate and modify the inaccurate information." *Harris v. Pa. Higher Educ. Assistance Agency/Am. Educ. Servs.*, No. 16-693, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016); *see also* 15 U.S.C. §§ 1681s-2(b). If the furnisher fails to comply with its obligations under the Act, "the aggrieved consumer can sue for noncompliance." *Hoffmann v. Wells Fargo Bank, N.A.*, 242 F. Supp. 3d 372, 391 (E.D. Pa. 2017); *see also Eades v. Wetzel*, 841 F. App'x 489, 490 (3d Cir. 2021) (per curiam) ("[U]nder the FCRA, '15 U.S.C. § 1681s-2(b) is the only section that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information.'" (quoting *SimmsParris*, 652 F.3d at 358) (alteration omitted)). Where a plaintiff fails to allege that the defendant communicated inaccurate information to a consumer reporting agency, what that information was, that he disputed the information with the consumer reporting agency, and that the defendant failed to reasonably investigate the dispute after having been notified by the consumer reporting agency, he has failed to state a plausible violation of the statute. *See Pressley v. Capital One*, 415 F. Supp. 3d 509, 513 (E.D. Pa. 2019) (plaintiff failed to state a

---

[2] The FCRA provides for civil liability for noncompliance due to willfulness and negligence. *See* 15 U.S.C. § 1681n (creating civil liability for willful noncompliance with any portion of the Act); *id.* § 1681o (creating civil liability for negligent noncompliance with any portion of the Act). A willful violation of the FCRA requires the additional showing that the defendant acted knowingly or with reckless disregard of the statute's terms. *Seamans*, 744 F.3d at 868 (3d Cir. 2014).

FCRA claim when she "ha[d] not (1) identified the accounts at issue, (2) described the allegedly false and misleading information that appears in the accounts, (3) stated that she filed a dispute regarding the false and misleading information; or (4) alleged that Capital One failed to investigate and modify the inaccurate information").

Here, Barrow names as Defendant both Equifax, a consumer reporting agency, and PHC, presumably a furnisher of credit information, but fails to state a plausible claim against either. With respect to Equifax, Barrow's sole allegations is that he has "[c]ontinuously [a]sked Equifax, Inc. to remove these [fraudulently reported] items [b]ut to no avail." (Compl. at 4.) Barrow has not identified the allegedly inaccurate information with any specificity nor explained why the information was inaccurate. Furthermore, Barrow fails to sufficiently allege that the inaccuracy was the result of Equifax's failure to follow reasonable procedures to assure maximum possible accuracy or that his injuries were caused by the inclusion of the inaccurate entries. *See Cortez*, 617 F.3d at 708.

With respect to PHC, Barrow alleges in a broad, conclusory fashion that PHC is fraudulently reporting information about him to a consumer reporting agency, *i.e.*, Equifax. (Compl. at 4.) However, Barrow does not make any allegations regarding the specific nature of the fraudulently reported items and fails to explain how these items report inaccurate information. Nor does Barrow specify the credit account or the amount at issue. While Barrow alleges that he filed "countless disputes" with PHC about these fraudulent items, he fails to specifically allege that he filed a notice of dispute with the consumer reporting agency – Equifax – itself (as opposed to PHC – the furnisher of information), that Equifax notified PHC of the dispute, or that PHC failed to investigate and modify the inaccurate information. Accordingly, Barrow has not stated a plausible claim under the FCRA, and his claims will be dismissed

without prejudice. Barrow will be granted leave to file an amended complaint to cure the deficiencies the Court has identified with respect to his FCRA claims.[3]

IV. **CONCLUSION**

For the reasons stated, Barrow's application for leave to proceed *in forma pauperis* will be granted and his Complaint will be dismissed without prejudice for failure to state a claim pursuant to § 1915(e)(2)(B)(ii). Barrow will be granted leave to amend his Complaint. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An appropriate Order follows.

**BY THE COURT:**

 /s/Joel H. Slomsky, J.
**JOEL H. SLOMSKY, J.**

---

[3] In his Complaint, Barrow also alleges that he has "lost jobs due to [the] harassment of collection companies" in relation to the allegedly fraudulent information PHC is reporting regarding his account(s). However, the Court does not understand Barrow's Complaint to assert claims under the Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. While the FDCPA "provides a remedy for consumers who have been subjected to abusive, deceptive or unfair debt collection practices by debt collectors[,]" *see Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 232 (3d Cir. 2005), neither of the named Defendants in this action is alleged to be a debt collector, Barrow clearly states that he seeks to proceed under the FCRA, and Barrow does not allege any other facts that support a reading of the Complaint as asserting FDCPA claims.